**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-06-239 |
| | § | |
| DAVID DUQUE, JR. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a *pro se* motion filed by the Defendant, David Duque, Jr., to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 76.) The Government filed a response to the motion (Docket Entry No. 78) with an affidavit of Defendant's trial counsel (Docket Entries No. 79, 80), as ordered by this Court.

Upon due consideration of the pleadings, the motion and response, the record, and the applicable law, the Court DENIES Defendant's section 2255 motion for the reasons that follow.

### *Background and Claims*

Defendant challenges his guilty plea conviction and 168-month sentence for one count of bribery of a public official, in violation of 18 U.S.C. §§ 201(b)(2)(A) and (C), and his concurrent 60-month sentence for three counts of unlawful use or transfer of identification documents, in violation of 18 U.S.C. § 1028(a)(3). As stated by the Fifth Circuit Court of Appeals in its opinion affirming the conviction, Defendant admitted to a single incident of assisting in the transport of approximately 4.8 kilograms of cocaine

through a checkpoint while employed as a United States Border Patrol Service agent, and to the illegal sale of identification documents on several occasions. *United States v. Duque*, No. 06-20966 (5th Cir. 2007).

In the instant motion, Defendant raises the following grounds for relief: (1) trial counsel was ineffective in failing to call an exculpatory and mitigating sentencing witness; (2) the Court's use of hearsay at sentencing violated his right of confrontation; (3) the Court's inclusion as "relevant conduct" evidence of counts to which Defendant did not plead guilty violated *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Government argues that Defendant's confrontation and *Booker/Apprendi* grounds were rejected on direct appeal by the Fifth Circuit Court of Appeals, and cannot be re-litigated here. The Government further argues that Defendant's claim for ineffective assistance of counsel is meritless.

*Analysis*

*Claims Raised on Direct Appeal*

Defendant complains that the trial court violated his confrontation rights and *Booker/Apprendi*. Both of these issues were rejected by the Fifth Circuit Court of Appeals on direct appeal of this conviction. In denying Defendant's confrontation claim, the Fifth Circuit held as follows:

2

> Duque concedes that his [confrontation] argument is foreclosed, but he wishes to preserve it for further appellate review. He contends that his right of confrontation was violated because he was not afforded an opportunity to confront the four confidential sources whose information was presented to the district court through the hearsay testimony of Agent Hanna. As Duque admits, this court has rejected a confrontation right at sentencing hearings. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006), citing *Crawford v. Washington*, 541 U.S. 36 (2004). In *Beydoun*, this court further held that there is no *Crawford* violation when hearsay testimony is used at sentencing, rather than at trial. *Beydoun*, 469 F.3d at 108. Under existing law, Duque's argument is without merit.

*Duque*, at 3. Accordingly, Defendant's claim is foreclosed by Fifth Circuit precedent, and his arguments to the contrary afford him no grounds for relief.

The Fifth Circuit Court of Appeals also rejected Defendant's arguments regarding a *Booker/Apprendi* violation and plain error. As to Defendant's *Booker/Apprendi* argument, the Fifth Circuit held as follows:

> During Duque's sentencing hearing, the Government called FBI Special Agent Peter Hanna to testify regarding Duque's other relevant conduct. Agent Hanna testified that he received information from four confidential sources regarding other illegal acts committed by Duque. One of the sources revealed to Agent Hanna that Duque assisted in getting 15 kilograms of cocaine through his checkpoint in 2002, and approximately another 25 kilograms of cocaine, along with marijuana, through his checkpoint in 2003. The other sources provided information about additional illegal activities by Duque, including at least two other occasions of allowing narcotics through his checkpoint. Agent Hanna also testified that Duque agreed to take a polygraph test, the results of which showed that Duque showed deception regarding whether there were other occasions on which he received money for allowing things to come through the checkpoint to which he was assigned.
>
> Duque's presentence report (PSR) calculated his base offense level at 36 because his offense was committed for the purpose of facilitating a drug offense, and due to his involvement with at least 51.8 kilograms of cocaine

3

> and 5,080.3 kilograms of marijuana. *See* U.S.S.G. §§ 2C1.1(c) and 2D1.1. Duque argues that his base offense level should have been only 30 because he only admitted to helping transport 4.8 kilograms of cocaine. By increasing his base offense level from 30 to 36, Duque notes, his sentencing range under the Sentencing Guidelines (after adjustment for acceptance of responsibility) was increased from 70-97 months to 135-168 months.
>
> According to Duque, the district court's imposition of a 168-month sentence was therefore unreasonable because it was calculated by using relevant conduct that he did not admit to and that was not proven beyond a reasonable doubt. Duque also contends that the district court did not adequately articulate its reasons pursuant to 18 U.S.C. § 3553(a) for imposing his sentence.
>
> Following *Booker*, sentences are reviewed for unreasonableness. *United States v. Booker*, 543 U.S. 220, 261-63 (2005). A sentence imposed with a properly calculated guideline range is presumed reasonable. The use of such a presumption was recently upheld by the Supreme Court in *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). It will be rare for a reviewing court to say that a sentence within a properly calculated guidelines range is unreasonable. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).
>
> The record in the present matter shows that the district court adequately articulated its reasons under 18 U.S.C. § 3553(a) for imposing Duque's sentence. Duque has not shown that the district court erred concerning his relevant conduct, and has failed to rebut the presumption that his sentence was reasonable.

*Duque*, at 3. In rejecting Defendant's "plain error" argument, the Fifth Circuit stated that,

> Duque's final argument is that the district court may have committed plain error by allowing Agent Hanna's hearsay testimony of the results of his polygraph examination to help show relevant conduct. Duque admits, however, that he did not object to the testimony during the hearing, and would therefore have to show plain error.
>
> To establish plain error, Duque must demonstrate (1) an error, (2) that is clear or plain, and (3) that affected his substantial rights. *United States v. Vasquez-Zamora*, 253 F.3d 211, 213 (5th Cir. 2001). Even if those elements are

4

> established, this court may exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Gracia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002).
>
> As noted above, hearsay testimony is allowable at sentencing hearings. *Beydoun*, 469 F.3d at 108. Furthermore, there is no *per se* rule against admissibility of polygraph evidence. *United States v. Posado*, 57 F.3d 428, 431-36 (5th Cir. 1995). Nor do the Federal Rules of Evidence govern sentencing hearings. FED. R. EVID. 1101(d)(3); U.S.S.G. § 6A1.2(a). A defendant, however, does have the burden of showing that information relied upon at sentencing is materially untrue. *United States v. Chavez*, 119 F.3d 342, 349 (5th Cir. 1997).
>
> Duque has failed to carry that burden. Moreover, he admits in his brief that neither he nor the Government argued the results of the polygraph test during the sentencing hearing, and the district court made no reference to the polygraph in announcing his sentence. Duque has thus failed to show that his substantial rights were affected by admission of Agent Hanna's testimony about the polygraph test during the sentence hearing to show relevant conduct.

*Duque*, at 4.

Accordingly, these two grounds were presented to and rejected by the Fifth Circuit Court of Appeals, and will not be re-litigated in the instant proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's section 2255 motion and noting that it has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions").

No meritorious grounds for relief are shown.

5

*Ineffective Assistance of Counsel*

Defendant asserts that trial counsel was ineffective in failing to present an exculpatory and mitigating witness who was available and willing to testify as to Defendant's innocence at sentencing. Defendant asserts that trial counsel failed to call this witness and discouraged him from testifying by threatening him. Defendant alleges that, but for counsel's deficient performance, the witness would have provided favorable and exculpatory evidence for the defense at sentencing. (Docket Entry No. 76, p. 3.) In his motion, Defendant neither identifies this witness nor sets forth his anticipated exculpatory and/or mitigating testimony.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A criminal defendant's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance

was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

In compliance with this Court's order, trial counsel submitted an affidavit responding to Defendant's claim of ineffectiveness. In the affidavit, trial counsel testifies, in relevant part, as follows:

7

>ALLEGATION: Mr. Duque, in his 2255 Motion alleges that I was ineffective in failing 'to call exculpatory and mitigating witness that was available to testify and was willing to testify as to the Defendant's innocence at sentencing.' Duque further states that I discouraged the key witness by threatening him.
>
>RESPONSE: All of Duque's allegations regarding the foregoing are factually incorrect. The unnamed witness Mr. Duque is referring to is presumably a friend of Duque's named Antonio 'Tony' Cantu. Mr. Cantu appeared at the sentencing hearing. However, immediately prior to the sentencing hearing, Mr. Cantu informed me and Duque that he was going to invoke his right to remain silent and was refusing to testify. I never threatened Cantu or discouraged him from testifying. Cantu did not testify at Duque's sentencing hearing.

(Docket Entry No. 79, filed under seal.)

Trial counsel's affidavit testimony is expanded by his following statements made at the sentencing hearing:

>I did want to state on the record that Mr. Cantu, Tony Cantu, my client invited him to testify on Mr. Duque's behalf. I advised Mr. Cantu this morning that I was not his attorney. However, out of caution, I wanted to explain to him that according to the documents filed and discussions with the U.S. Attorney, that Mr. Cantu was indeed an unindicted co-conspirator in the eyes of the government and that anything he said today could and probably would be used against him and may further inculpate him.
>
>My concern was that – and I explained this to him – I explained that if he did elect to testify that I would request that the Judge admonish him of his Miranda rights and the potential dangers involved with testifying today.
>
>With that in mind, having thought about it for a few minutes, he advised my client, Mr. Duque, that he did not wish to testify and is not in the building any further.

8

(Docket Entry No. 70, pp. 7-8.) This Court then agreed that it would have admonished the witness as outlined by trial counsel. *Id*. Defendant did not disagree with trial counsel's rendition of the events.

It is clear from the record that trial counsel did not "threaten" Tony Cantu or otherwise actively discourage him from testifying. Had trial counsel not informed Cantu of the legal consequences of his potential testimony, or had Cantu otherwise elected to testify, this Court would have admonished him of his Miranda rights and of the potential risks and dangers of testifying, as was noted at the hearing. Further, when provided the opportunity to speak directly to the Court in his own behalf at the hearing, Defendant did not discuss Cantu or any exonerating and/or mitigating evidence, but rather, stated as follows:

> I deeply regret everything that has happened, your Honor. I'm sorry for what I did. I know I had a big responsibility, and I failed that. And I take full responsibility. I mean, I do have my children; and that's what hurts me the most in the whole case. But I regret the whole situation, your Honor. I hopefully would be here under different circumstances.

(Docket Entry No. 70, p. 34.) Defendant does not establish that trial counsel threatened Cantu or encouraged him not to testify at the sentencing hearing.

Moreover, Defendant does not establish prejudice – that is, he fails to show that, but for trial counsel's alleged error, the outcome of the sentencing hearing would have been different. Defendant has not presented any evidence of Cantu's anticipated "exculpatory" or "mitigating" evidence, and this Court cannot determine what effect, if any, Cantu's

9

testimony might have had on the sentencing proceedings. In absence of such evidence, no *Strickland* prejudice is shown and no relief is warranted.

### *Conclusion*

Accordingly, Defendant's motion for relief under section 2255 (Docket Entry No. 76) is DENIED. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on November 8, 2010.

_____
Gray H. Miller
United States District Judge